UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA


MICHAEL WILSON,

     Plaintiff,

v.                         CASE NO.:  1:17-cv-00978

JON BARRY AND ASSOCIATES, INC.,
D/B/A PARAGON REVENUE GROUP,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MICHAEL WILSON, by and through the undersigned counsel, and sues Defendant, JON BARRY AND ASSOCIATES, INC., D/B/A PARAGON REVENUE GROUP, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like JON BARRY AND ASSOCIATES, INC., D/B/A PARAGON REVENUE GROUP from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling."  *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014."  *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

1

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.      The Defendant resides in Cabarrus County, North Carolina. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in which the Defendant resides.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Copiah County, Mississippi.

9.      Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.      Defendant, JON BARRY AND ASSOCIATES, INC., D/B/A PARAGON REVENUE GROUP (hereinafter "Defendant"), is a corporation which was formed in North Carolina with its principal place of business located at 216 Le Phillip Court NE, Concord, North Carolina 28025, whose Registered Agent is Cogency Global, Inc., 212 South Tryon Street, Suite 1000, Charlotte, North Carolina 28281.

11.       Defendant called Plaintiff approximately seven hundred fifty (750) times in an attempt to collect a debt belonging to a third party with no relationship to the Plaintiff.

12.      Upon information and belief, some or all of the calls made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a

2

random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a "beep" when he answered his phone before a voice came on the line; furthermore he received prerecorded messages from Defendant.

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (601) *** - 4247 and was the called party and recipient of Defendant's calls.

14.     Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (601) *** - 4247 in an attempt to collect on a debt belonging to a third party with no relationship to the Plaintiff.

15.     On several occasions over the last year Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone and advised that Defendant had the wrong number. Specifically, after one of the very first calls in or about March of 2017 Plaintiff answered and advised Defendant that it "had the wrong number."

16.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

17.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer or the Defendant to remove the number.

18.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff despite these individuals explaining that they do not wish to be called.

19.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

20.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

21.     Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

22.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

23.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

24.     Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

25.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

26.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

27.     From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

28.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

29.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

30.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

31.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

32.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

33.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, and high blood pressure. Defendant's calls often woke Plaintiff from his sleep and disturbed his work.

## COUNT I
### (Violation of the TCPA)

34.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35.     JON BARRY AND ASSOCIATES, INC., D/B/A PARAGON REVENUE GROUP willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified that Plaintiff wished for the calls to stop

36.     JON BARRY AND ASSOCIATES, INC., D/B/A PARAGON REVENUE GROUP repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

6

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against JON BARRY AND ASSOCIATES, INC., D/B/A PARAGON REVENUE GROUP for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Dated:  October 26, 2017.

> Respectfully submitted,
>
> */s/Ruth M. Allen*
> Ruth M. Allen
> NC Bar No.: 34739
> Ruth Allen Law, PLLC
> 7413 Six Forks Road, Suite 326
> Raleigh, NC 27615
> Telephone:  (919) 481-4141
> Facsimile:  (866) 321-9449
> Email:  ruthallen@ruthallenlaw.com
> Attorney for Plaintiff